UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

NET ZERO LOGISTICS LLC,

                        Plaintiff,

         -against-

HAILIFY, INC.,

                        Defendant.
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___1/21/2026___

**OPINION & ORDER**

**24-CV-4895 (JGK) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

Before the Court is a motion by Rodman E. Honecker ("Honecker") of Windels Marx Lane & Mittendorf LLP ("Windels" or the "Firm"), counsel of record for Defendant Hailify, Inc. ("Hailify"), to withdraw.  (ECF No. 67)  For the reasons stated below, the motion is GRANTED.

## BACKGROUND

This action arises out of an alleged breach of contract.  Plaintiff Net Zero Logistics LLC ("Net Zero")  seeks an order and judgment awarding monetary damages and specific performance against Hailify.  Net Zero alleges that Hailify has failed to remit outstanding payments due under, and to perform its obligations pursuant to, an agreement governing last-mile delivery services and related logistical support provided by Net Zero, as well as Hailify's use and operation of a warehouse and sorting facility.  Net Zero and Hailify are parties to a letter agreement wherein Hailify is obligated to assume and contribute to the costs and overhead associated with the occupancy, use, operation, and maintenance of the facility.  The Agreement further provides that, in the event of Hailify's insolvency, Hailify is required to transfer ownership of certain customer accounts and related obligations.  Net Zero alleges that it learned on or about February 29, 2024 that Hailify had become insolvent.

The parties appeared before the undersigned at a case management conference on January 5, 2026.  (ECF No. 65).  At the conference Windels, via Mr. Henecker, expressed its anticipated motion to withdraw for nonpayment of legal fees.  The Court granted leave to file the motion prior to January 9, 2026.  On January 16, 2026, counsel for the Hallify moved to withdraw as counsel of record.  In support of their application to withdraw, Defense counsel filed an affidavit stating that Defendant has failed to pay legal fees and that despite frequent reminders, Defendant has failed to remit payment.  (ECF No. 67-2 ("Honecker Decl."), at ¶ 21-22) The matter is still in the discovery phase. Finally, Windels has stated it does intend to assert a charging lien. (*Id.*, at ¶ 1)

### ANALYSIS

Withdrawal of counsel is governed by Local Civil Rule 1.4, which states:

> An attorney who has appeared as attorney of record for a party . . . may not withdraw from a case without leave of the court granted by order.  Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

S. & E.D.N.Y.R. 1.4.

The decision to grant or deny a motion to withdraw is within the district court's discretion.  In making the determination, the Court should consider (i) the reasons for withdrawal, and (ii) the impact of the withdrawal on the timing of the proceeding.  *Karimian*

*v. Time Equities, Inc.*, No. 10 Civ. 3773 (AKH) (JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (citing S. & E.D.N.Y.R. 1.4). I consider both factors below, and also address the motion's compliance with Local Civil Rule 1.4.

### 1. Reasons for Withdrawal

Mr. Honecker states that Windels' reason for seeking to withdraw is that the Defendant has not paid legal fees incurred in this action in violation of the written retainer agreement, and that after a substantial work performed on Hallify's behalf including answering the operative complaint, asserting counterclaims, propounding affirmative defenses, filing a Joint Federal Rule of Civil Procedure ("Rule") 26(f) Report, and engaging in settlement discussions, Hallify has not remitted payment. (ECF No. 25, 40; Honecker Decl., at ¶ 4) Defendant's principals and Plaintiff has been served with this motion (Honecker Decl., at ¶ 28), and neither has filed an opposition. Nonpayment of fees has consistently been found to be a legitimate ground for granting a motion to withdraw by several Courts in this Circuit. *Stair v. Calhoun*, 722 F. Supp. 2d 258, 265 (E.D.N.Y. 2010) (collecting cases).

### 2. Impact of Withdrawal on the Case

Document discovery is still not complete, and there are no pending motions as Defendant's motion to quash (ECF No. 49) was granted at ECF No. 66. That said, discovery is scheduled to be completed by February 20, 2026. (ECF No. 40). Concurrently, Mr. Honecker represents that discovery in large part remains outstanding due to a lengthy but unsuccessful settlement process. (Honecker Decl., at ¶ 19) Specifically, parties have not yet exchanged discovery demands, Plaintiff has not yet filed initial disclosures, nor has a response been given

to Defendant's counterclaims.  (*Id.,* at ¶ 25)  Given that little discovery has taken place in this matter, withdrawal will not have a particularly significant effect on its timing.  See *Furlow v. City of New York*, No. 90 Civ. 3956 (PKL), 1993 WL 88260, at *2 (S.D.N.Y. March 22, 1993) (granting motion to withdraw where document discovery was complete but depositions had not been taken, because "resolution of this matter will not be delayed substantially by counsel's withdrawal at this juncture").

**3.  Compliance with Local Rule 1.4**

In addition to the instant motion, Mr. Honecker has filed a declaration that complies with the requirements of Local Rule 1.4.  (ECF No. 67-2)  He states that the Firm intends to assert a charging lien and further requests that the court grant a charging lien.  (Honecker Decl., at ¶ 27)  Finally, Mr. Honecker has also filed an affidavit of service of the motion and affidavit on Defendant and Plaintiff.  (ECF No. 67-4)  Therefore, he has satisfied all of the procedural requirements of the local rule.

**CONCLUSION**

For the reasons stated above, Mr. Honecker and the Firm's motion to withdraw as counsel of record for the Defendants is GRANTED.  **The Clerk of the Court is respectfully directed to terminate Mr. Honecker and the Firm as counsel of record.  Mr. Honecker is directed to mail a copy of this order to the Defendant.  Defendant is advised that the corporate entities may not proceed *pro se*.  <u>Defendant shall obtain an alternative representative within 30 days or else be subject to default.</u>  Additionally, in light of the fact that Defendant needs to obtain new counsel who will need some time to get up to speed, the**

4

**Court extends the discovery schedule through May 6, 2026. Upon Hailify's retention of new counsel, Plaintiff's counsel shall promptly serve new counsel with all discovery responses, and withdrawing counsel shall cooperate with new counsel in the orderly transfer of all relevant documents.  The Court is unlikely to grant further extensions of discovery and settlement discussions are not a basis to ignore or delay discovery.**

**<u>The Clerk of Court is respectfully directed to terminate the pending motion at ECF No. 67.</u>**

    **SO ORDERED.**

Dated: January 21, 2026  
     New York, New York

KATHARINE H. PARKER  
United States Magistrate Judge

5