UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

NET ZERO LOGISTICS LLC,

                                    Plaintiff,

                    -against-

HAILIFY, INC.,

                                    Defendant.
------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___4/3/2026___
```

**ORDER**

**24-CV-4895 (JGK) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

On March 25, 2026, Defendant Hailify Inc. ("Hailify") submitted a letter to the Court seeking a follow-up as to its February 19, 2026 letter request for a 30-day extension of time to retain counsel in this matter. By Order dated February 26, 2026, the Court granted that request and extended Hailify's deadline to obtain new counsel to March 26, 2026, warning that failure to do so by that date could result in entry of default against it.  (ECF No. 72.)

In light of Hailify's representation that it remains "actively engaged in discussions with prospective counsel and [is] working diligently to secure representation as soon as possible," (ECF No. 73), the Court will grant a final extension up to **April 9, 2026** for Hailify to secure counsel. If Hailify fails to do so by that date, the Court will recommend that a default judgment be entered against it. *See  Grace v. Bank Leumi Trust Co. of N.Y.,* 443 F.3d 180, 192 (2d Cir. 2006) ("[I]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55."); *Golden Ins. Co. v. PCF State Restoration, Inc.,* No. 17 Civ. 5390 (LTS) (BCM), 2020 WL 635533, at *2 (S.D.N.Y. Feb. 11, 2020) ("[The defendant's] failure to appear in this action through new counsel, despite having ample

opportunity and clear direction from the Court to do so, is indicative of willful conduct."); *Jones v. Niagara Frontier Transp. Auth.,* 722 F.2d 20, 22 (2d Cir. 1983) ("Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States, the parties may plead and conduct their own cases personally or by counsel,' it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed pro se." (quoting 28 U.S.C. § 1654)).

**The Clerk of Court is respectfully directed to mail this Order along with a copy of the Order at ECF No. 72 to Hailify Inc. at 250 E. Sandford Blvd., Mount Vernon, NY 10550**

      **SO ORDERED.**

Dated: April 3, 2026
     New York, New York

                                KATHARINE H. PARKER
                        United States Magistrate Judge