UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————

NET ZERO LOGISITICS, LLC,

                     Plaintiff,

      - against -

HAILIFY, INC.,

                     Defendant.
————————————————————————————

24-cv-4895 (JGK)

ORDER

JOHN G. KOELTL, District Judge:

On January 21, 2026, Magistrate Judge Parker granted a motion by Rodman E. Honecker to withdraw as counsel for the defendant, Hailify, Inc. ECF No. 68, at 1-5. The Magistrate Judge advised the defendant that corporate entities may not proceed pro se and ordered the defendant to obtain new counsel within 30 days. Id. at 4. The Magistrate Judge further advised that failure to obtain new counsel could result in the Court entering a default judgment against the defendant. Id. On February 26, 2026, the Magistrate Judge granted the defendant's request for a 30-day extension to obtain new counsel. ECF No. 72. On April 3, 2026, based on the defendant's representation that it remained "actively engaged in discussions with prospective counsel and [is] working diligently to secure representation as soon as possible," ECF No. 73, at 1, the Magistrate Judge granted a final extension to April 9, 2026, for the defendant to obtain new counsel. ECF No. 75. The Magistrate Judge warned the defendant that failure to obtain new counsel by

that date would result in a default judgment being entered against the defendant. See id. The April 9, 2026, deadline has passed, and the defendant has not obtained new counsel.

Because the defendant corporation has failed to appear by counsel despite being given ample opportunity to do so and being advised of the consequences of failing to do so, the plaintiff is entitled to a default judgment. See Grace v. Bank Leumi Tr. Co. of N.Y., 443 F.3d 180, 192 (2d Cir. 2006) ("[I]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55."); Golden Ins. Co. v. PCF State Restoration, Inc., No. 17-cv-5390, 2020 WL 635533, at *2 (S.D.N.Y. Feb. 11, 2020) ("[The defendant's] failure to appear in this action through new counsel, despite having ample opportunity and clear direction from the Court to do so, is indicative of willful conduct."); Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) ("Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States, the parties may plead and conduct their own cases personally or by counsel,' it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed pro se." (quoting 28 U.S.C. § 1654)).

2

The case is referred to the Magistrate Judge for an inquest to determine the appropriate damages to be awarded, as well as any other provisions of an appropriate judgment.

The Clerk is respectfully requested to mail a copy of this order to Hailify Inc. at 250 E. Sandford Blvd., Mount Vernon, NY 10550.

SO ORDERED.
Dated:     New York, New York
           April 22, 2026

_____
John G. Koeltl
United States District Judge